John T. Farnum, Esq. (Federal Bar No. 983831)
**MILES & STOCKBRIDGE P.C.**
1201 Pennsylvania Ave., Suite 900
Washington, D.C. 20004
jfarnum@milesstockbridge.com

*Counsel 8fig, Inc.*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **In re:** | * | |
| | | **Case No. 22-00238-ELG** |
| **Muse Threads, Inc.** | * | **(Chapter 11)** |
| | | |
| **Debtor.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### OBJECTION OF 8FIG, INC. TO SECOND-AMENDED PLAN OF REORGANIZATION

COMES NOW **8FIG INC.** ("8fig") responding to that *SECOND-AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11* [docket 76] ("Plan") and shows, to-wit:

### Précis

1. 8fig objects to preserve the Debtor's duties, obligations, and liabilities negotiated pre-Plan regarding a portion of 8fig's claim.

### Relevant Case History

2. On and after 23 December 2022 ("Petition Date"), Debtor filed a *VOLUNTARY PETITION* in bankruptcy [docket 1], seeking relief under chapter 11, subchapter v, title 11, of the United States Code ("11 U.S.C. §"), thereby providing an order for relief.  Debtor is a debtor-in-possession.  *See* 11 U.S.C. § 1184.

3. After the Petition Date, as an *erratum*, 8fig transferred $30,000 to Debtor's bank-account.

4. On 24 January 2023, Mr. Mowrer, counsel to Debtor, agreed to hold $30,000 mistakenly transferred to Debtor pre-Petition Date, *in custodia legis* until a plan's effective date.

*See* Exhibit A, *infra*.

5.  To accomplish reorganization, Debtor has filed now its *Plan*. A confirmation-hearing on the Plan is set for 23 August 2023 at 10:30 A.M., Washington DC time.

### Creditor's Claim

6.  On 2 March 2023, 8fig filed its *Proof of Claim*, which is Claim 6-1 ("Claim 6") in the Debtor's Claim Registry. Claim 6 is for a total sum of $117,695.05, with $30,000 listed as secured, and the remainder, $87,695.00, being unsecured, non-priority. *See* Claim 6 attached hereto as **Exhibit A**.

7.  Debtor has not filed any objection to Claim 6. *See, generally* Docket (no claim-objection).

### The Plan Proposed for Confirmation

8.  Under subchapter v of title 11, Debtor is obligated to propose a plan that includes "projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." *See* 11 U.S.C. § 1184(1)(C). The Plan includes on page 7, within Article 4, Class 6, the following:

| Class 6 – Non-priority, unsecured claims | Impaired | The Debtor estimates a total of $252,822.07 in non-priority, unsecured claims. This amount is computed in reliance on the Debtor objecting to at least one such component claim (being found at entry #6-1 in the Claims Register and belonging to 8fig, Inc.). All claims in this class will be paid in full within 5 years of the Effective Date. |
|---|---|---|

9. The Plan includes on pages 7, within Article 4, Class 7, the following:

| Class 7 – The undisputed portion of the claim of 8fig, Inc. | Unimpaired | While the Debtor disputes the claim of 8fig, Inc., the Debtor does not dispute $30,000.00 of that claim, being monies that 8fig, Inc. sent to the Debtor – seemingly by error – post-petition, and which the Debtor has informally regarded as being the property of 8fig, Inc. at all times since. This $30,000.00 portion of the claim of 8fig, Inc. will be paid, in full, on the Effective Date (or as promptly thereafter as may be pragmatically possible). |

**Objection**

10. Debtor's Plan, including, but not limited to those terms *supra*, does not comply with the statutory prerequisites; therefore, 8fig at present objects to entry of an order confirming the Plan. 11 U.S.C. § 1129(a). These prerequisites include proffering of a plan applicable with title 12, compliance by the plan proponent with the applicable provisions of title 11, and proposal in good faith and not by any means forbidden by law. *See* 11 U.S.C. § 1129(a)(1) – (4).

11. A plan shall "specify the treatment of any class of claims or interest that is impaired under the plan . . . ." 11 U.S.C. § 1123(a)(3).

12. Each holder of an impaired class of claims shall accept the plan. 11 U.S.C. § 1123(a)(7)(A)(i).

**Argument**

13. The Plan is vague as it omits any definition of when unsecured, non-priority payments will be made over the stated five year payout timespan.[1] Per the Plan, there is no instruction as to how the unsecured, non-priority creditor claims – which include 8fig – will be paid; therefore, the Plan should be denied. 11 U.S.C. §§ 1123(a)(5), (a)(7), 1129(a)(1), (a)(2), 1191(a).

---

[1] The Plan is clear that the identity of the payor of these prospective funds is not yet identified. *See* Plan § 8.06 (Disbursing Agent).

16. Per the Plan, Debtor makes it plain that it will object to 8fig's Claim. *See supra* ¶¶ 9, 10 (Art. 4, Classes 6, 7). Debtor states the non-priority, unsecured figure "is computed in reliance on the Debtor objecting to at least one such component claim (being found at entry #6-1 in the Claims Register and belonging to 8fig, Inc.)." It is unclear whether 8fig's unsecured, non-priority amount of $87,695.00, is disputed in the Plan; therefore, the Plan should be denied. 11 U.S.C. §§ 1123(a)(5), (a)(7), 1129(a)(1), (a)(2), 1191(a).

17. Per the Plan, Debtor could easily escrow the allowed, unimpaired, Claim 7 of 8fig's $30,000, and instead of payment on the Plan's defined Effective Date, the payment may come "as promptly thereafter as may be pragmatically possible." This artful language is evasive and potentially beneficial to the Debtor (and prejudicial to 8fig) as it may allow the $30,000 to remain with the Debtor until the completion of some undefined event, or even the proposed claim-objection; therefore, therefore, the Plan should be denied. 11 U.S.C. §§ 1123(a)(5), (a)(7), 1129(a)(1), (a)(2), 1191(a).

WHEREFORE, 8fig prays the Court grant the relief herein be requested, deny the Plan as proposed or allow the Plan as modified per this Objection, and that it receive all relief at law and in equity that will provide substantial justice.

**-Signature Page Immediately Follows-**

Dated: August 16, 2023  Respectfully submitted:

**MILES & STOCKBRIDGE P.C.**

*/s/ John T. Farnum*
John T. Farnum, Esq. (Fed. Bar No. 983831)
1201 Pennsylvania Ave., Suite 900
Washington, D.C. 20004
T/F - 202.465.8385
jfarnum@milesstockbridge.com

local counsel to

**PADFIELD & STOUT, L.L.P.**

Home Office:
Suite 1210, Chase Bank Building
420 Throckmorton Street
Fort Worth TX 76102
+1 817 338 1616

Dallas Office:
705 Ross Avenue
Dallas TX 75202
+1 214 215 64021

/s/ *John E. Johnson*
MARK W. STOUT
State Bar [Tex.] 24008096
mstout@padfieldstout.com
JOHN E. JOHNSON, of Counsel
State Bar [Tex.] 24025457
jjohnson@padfieldstout.com

*COUNSEL FOR 8FIG INC.*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 16th day of August 2023, a copy of the above Objection was served via this Court's ECF system upon all parties registered to receive notices in this case, including:

    Maurice Belmont VerStandig
    The VerStandig Law Firm, LLC
    1452 W. Horizon Ridge Pkwy, #665
    Henderson, NV 89012
    *Debtor's Counsel*

    Kristen S. Eustis, Esq.
    Office of the United States Trustee
    1725 Duke Street, Suite 650
    Alexandria, VA 22314
    *Office of the U.S. Trustee*

    Michael T. Freeman, Esq.
    Office of the United States Trustee
    1725 Duke Street, Suite 650
    Alexandria, VA 22314
    *Office of the U.S. Trustee*

    Jolene E Wee
    Jw Infinity Consulting
    447 Broadway Street
    Ste 2nd FL #502
    New York, NY 10013
    *Subchapter V Trustee*

        */s/ John T. Farnum*
        John T. Farnum