The order below is hereby signed.

Signed: October 30 2023



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| In re: | Case No.: 22-238-ELG |
|---|---|
| MUSE THREADS, Inc., | Chapter 11 (Subchapter V) |
| Debtor. | |

### ORDER CONFIRMING SECOND AMENDED MUSE THREADS, INC. PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11

Upon consideration of the Second Amended Muse Threads, Inc. Plan of Reorganization for Small Business Under Chapter 11 (the "Plan," as found at DE #76), the lack of opposition to the confirmation thereof, evidence adduced at a hearing on August 23, 2023, the record herein, and governing law, it is, by the United States Bankruptcy Court for the District of Columbia, hereby:

ORDERED, the Plan be, and hereby is, CONFIRMED pursuant to Section 1191(b) of Title 11 of the United States Code; and it is further

ORDERED, that Jolene Wee (the "Trustee" or "Disbursing Agent") will serve as the post-confirmation subchapter V trustee and disbursing agent under the Plan; and it is further

ORDERED, that Muse Threads, Inc. (the "Debtor" or "Reorganized Debtor") shall timely file a tax return, for the calendar year 2022, on or before the date of any extension already granted

1

by the Internal Revenue Service (without seeking further extension, absent leave of court) and shall, within one week thereof, furnish a copy of said return to the Office of the United States Trustee and the Trustee; and it is further

ORDERED, that it will be the sole responsibility of the Debtor and not the Trustee to prosecute any objection to claims and that the Debtor may continue to prosecute any objection to any claim filed prior to confirmation of the Plan after the Effective Date. Any claim subject to an objection which has not been adjudicated by Final Order or otherwise resolved prior to Confirmation will be treated as a disputed claim under the Plan (the "Disputed Claim"). Any objections to claims shall be filed by the Debtor no later than sixty (60) days after the Effective Date, which deadline may be extended by the Court upon application or motion of the Debtor without notice filed prior to the deadline. In the event that any proof of claim is filed, asserted or amended after the Effective Date, the Debtor shall have sixty (60) days from the date of such filing or notice to object to such claim, which deadline may be extended by the Court upon application or motion of the Debtor without notice filed prior to the deadline. All objections shall be litigated (or settled) to Final Order. The Bankruptcy Court shall retain jurisdiction to adjudicate any and all objections to claims whether filed prior to or after the Effective Date; and it is further

ORDERED, that the claim of 8fig, that being Claim 6-1 in the Debtor's Claim Register (the "8fig Claim"), is not adjudicated by this Order and dispute and validity of the 8fig Claim is reserved for Debtor's claim objection post-confirmation; and it is further

ORDERED, that the $30,000.00 held by the Debtor is to be paid directly from the Debtor via wire to counsel to 8fig within forty-eight hours of the Effective Date and thereby bypasses the Disbursing Agent; and it is further

ORDERED, that the Disbursing Agent will be funded monthly by the Debtor's cash flow as shown in Exhibit A to the Plan and will issue plan payments quarterly to the Debtor's allowed claim holders, except for reserving funds as mentioned later in this order as it relates to the disputed 8fig Claim, and that the Debtor will wire monthly plan payments into the Trustee's fiduciary bank account no later than the last day of each month; and it is further

ORDERED, that the Debtor will provide the Trustee with the Debtor's allowed claim holders under the Plan and contact information that she can use to determine and issue pro rata distributions under the Plan; and it is further

ORDERED, that all allowed administrative expense claims ("Administrative Expense Claim") will be paid in equal twelve (12) monthly installments and in full no later than twelve (12) months after the claim becomes an Allowed Administrative Expense Claim, or as otherwise agreed to by the parties. The failure by the Debtor to pay Allowed Administrative Expense Claims as and when due shall entitle the particular professional, the Trustee or Debtor's counsel, to seek appropriate relief from the Court, including requesting conversion of the Bankruptcy Case to a Chapter 7 case. Therefore, the treatment of Administrative Expense Claims and Non-Tax Priority Claims under the Plan satisfies the requirements of Sections 1129(a)(9)(A) and (B) and 1191(e) of the Bankruptcy Code; and it is further

ORDERED, that the Disbursing Agent's post-confirmation role and responsibilities are outlined as follows:

1. The Trustee shall reserve funds equal to the calculated *pro rata* distribution of the theoretically-allowed unsecured, non-priority portion of all disputed claims, including the 8fig Claim, until such time as the allowance of the 8fig Claim and all disputed

claims are finally adjudicated, which is when such funds are released for distribution; and

2. That pursuant to Rule 3010(b) of the Federal Rules of Bankruptcy Procedure, the Trustee will not be mailing checks in any amounts less than $15.00.  The Trustee will hold such funds in her fiduciary bank account until such a time when the claim holder(s)'s accumulated pro rata distribution exceeds $15.00 or when the Trustee is making a final distribution under the Plan, whichever is sooner; and

3. The Trustee will not be held responsible for locating claim holders and that it is the responsibility of the holder of claim whose address changes to notify the Trustee of such change; and

4. In the event a distribution is unclaimed within 180 days after the distribution is made, such distribution will become the property of the Reorganized Debtor, and no further distribution will be made to such claim holder until such claim holder advises the Trustee of its correct information; and

5. That the Trustee will be paid a monthly fixed fee of $1,500 (as projected in Exhibit A of the Plan) for the first four months, followed by a quarterly fixed fee of $1,500 (as also projected), to serve as Disbursing Agent by the Debtor without further need for Court approval of her fees and expenses and that such monthly fixed fees are due when monthly plan payments are due to the Disbursing Agent and to be paid to the Disbursing Agent at such time.  Failure to pay the Disbursing Agent her monthly fixed fee constitutes as a default under the Plan; and

6. If the Debtor makes timely payments to the Disbursing Agent, the Disbursing Agent will make plan distributions to claim holders within 30 days of receipt and file a

      notice of distribution with the Court within seven (7) days of when distributions were made; and

7. If the Debtor fails to make plan payments to the Disbursing Agent, which is due by the last day of every month under the Plan, the Trustee will file a notice of default ("Notice of Default") with the Court notifying parties in interests of the default within 15 days of when the default occurred; and it is further

ORDERED, that the Debtor or Reorganized Debtor has thirty (30) days from the date of when a Notice of Default is filed to file a response notifying the Court as to how it intends to cure the default and that, if the Debtor or Reorganized Debtor fails to file a response by that time, it will voluntarily convert to Chapter 7.

ORDERED, that in the event of any inconsistency between the Plan and this Order, the terms and provisions of this Order shall fully govern.

I ask for this:

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*


Seen:

/s/ Jolene E. Wee (signed w/ express permission)
Jolene E. Wee
JW INFINITY CONSULTING, LLC
447 Broadway 2nd Fl #502
New York, NY 10013
*Subchapter V Trustee*

Michael Freeman (signed w/ express permission)
Michael Freeman, Esq.
Office of the United States Trustee
1725 Duke Street
Ste 650
Alexandria, VA 22314
*Assistant United States Trustee*