Maurice B. VerStandig, Esq.
Bar No.: MD18071
THE BELMONT FIRM
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
E-Mail: mac@dcbankruptcy.com
*Counsel for Muse Threads, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>MUSE THREADS, Inc.,<br><br>Debtor. | Case No.: 22-238-ELG<br><br>Chapter 11<br>(Subchapter V) |

### FIRST INTERIM APPLICATION OF THE
### BELMONT FIRM FOR ALLOWANCE OF COMPENSATION
### AND REIMBURSEMENT OF EXPENSES INCURRED IN CONNECTION
### WITH REPRESENTATION OF MUSE THREADS, INC.

Come now Maurice B. VerStandig and The VerStandig Law Firm, LLC d/b/a The Belmont Firm (collectively, "VLF"), counsel for Muse Threads, Inc. ("Muse Threads" or the "Debtor"), pursuant to Sections 327 and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2016, and Local Rule 2016-1, and apply to this Honorable Court for interim allowance of compensation of (i) $24,775.00 in attorneys' fees and (ii) reimbursement of $545.38 in expenses, for a total of (iii) $25,320.38, and in support thereof state as follows:

**I.      Introduction**

More than twenty months have passed since this case was filed, with no small amount of activity occurring over the span of three calendar years. The Debtor successfully navigated all of the traditional early aspects of a bankruptcy case—from first day motions to a meeting of

1

creditors—whilst also negotiating agreements with multiple creditors (one of whom is based in China), proposing a plan of reorganization, confronting the chaotic fallout of an alleged post-petition stay violation, confirming that plan, bringing multiple adversary proceedings, and commencing life as a reorganized debtor. Along the way, significant legal work has been undertaken, with an abiding devotion to finding a way for this truly-fantastic business to successfully reorganize and with an equally-abiding consciousness of the perennial tension between Chapter 11 legal fees and small business cash flows.

There is still some work to be done, albeit hopefully of a slight variety—a compromise of the last pending adversary proceeding needs to be papered, a claim objection may need to be filed, and Muse Threads will continue to need the variety of post-confirmation support that is typical of Subchapter V debtors. But it is genuinely hoped and believed that the majority of the legal work in this case is now a thing of the past. And, with that optimism, this appears an opportune occasion to seek interim allowance of fees and expenses, so they may be paid by the Subchapter V trustee in accord with the dictates of the plan of reorganization.

## II.     Recitations Pursuant to Federal and Local Rules

1.     The services for which compensation is herein sought were performed between December 23, 2022 and August 20, 2024. Maurice B. VerStandig and Mahlon Mowrer performed all work for which compensation is sought though, as noted in certain time entries, Victoria Burke—a then-law student who worked for VLF on a part-time basis—performed certain work for which compensation is not sought.

2.     VLF's employment was approved on January 24, 2023.

3.     Representation of the Debtor has included preparation and filing of various motions, attendance at multiple hearings as well as the initial debtor interview and meeting of

creditors, preparing a plan of reorganization, bringing adversary complaints, settling adversary proceedings, confirming a plan, and furnishing the Debtor with ongoing legal advice throughout the case.

4. An itemization of services performed, with the date of each such service and amount of compensable time expended on each such task, together with a narrative description of the same, is attached hereto as Exhibit A.

5. An itemization of actual, necessary expenses is included in Exhibit A. No expenses have been marked up and all expenses sought are for monies expended by VLF on an out-of-pocket basis.

6. The fees and costs for which reimbursement is sought are reasonable for the work performed, and the contents of this application are true and accurate.

### III.     Other Formalistic Notations

Pursuant to Federal Rule of Bankruptcy Procedure 2016, VLF notes as follows: (i) VLF is holding a $4,000.00 retainer that was paid pre-petition; and (ii) there is no agreement to share compensation received or to be received for services rendered in or in connection with this case.

### IV.     Categorization of Time Entries Since First Interim Application

In accord with guidelines promulgated by the United States Trustee, VLF recorded all time in this matter in project categories. The time recorded – and compensation requested – for each such project category, is as follows:

      a. Business Operations – 9.5 Hours - $2,375.00

      b. Case Administration – 93.3 Hours - $20,975.00

      c. Plan and Disclosure Statement – 5.7 Hours - $1,425.00

3

V.  **Discount**

For relatively *sui generis* reasons, there is a significant discount extant in the fees being sought, insofar as undersigned counsel has billed all of his time at the rate of $250 per hour, which is a marked discount from a normal rate of $450-$595 per hour. This eccentricity is owing to a staffing anomaly, whereby the attorney originally tasked with oversight of this case—Mahlon Mowrer ("Mr. Mowrer")—left VLF, for unrelated reasons and on the very best of terms, early in the case. Insofar as the Debtor had been reasonably led to believe that this bankruptcy would be primarily handled by someone charging $250 per hour, VLF elected to honor that expectation by having undersigned counsel match the hourly rate of Mr. Mowrer. A conscious effort was also made to bill for services rendered on a "light" basis, frequently eschewing the billing of phone calls and short e-mails, so as to keep fees within a realm of reason.

VI.  **Propriety of Compensation Sought**

The total fees being sought herein—less than $25k—are relatively meager in the prism of any Chapter 11 case, but especially so in the context of one that has spanned 20 months, seen multiple adversary proceedings, had a plan of reorganization proposed and confirmed, and required the undertaking of multi-national (and multi-lingual) negotiations with a secured creditor. However, it is still appropriate to consider the compensation herein sought in the same manner as that petitioned for in any Chapter 11 proceeding.

As this Honorable Court has had occasion to observe, as recently as March 2021, the payment of legal fees is governed by a so-called "lodestar" method:

> In this Circuit, to determine the reasonableness of fees, applications for compensation are analyzed under a three-part process that determines a "lodestar"—consisting of (1) the reasonable hourly rate for each person for whom compensation is requested, and (2) the number of hours reasonably expended by each such person—and then determines (3) any adjustments warranted to the lodestar. Factors relevant to each person's reasonable hourly rate include, at

>  minimum (1) the person's "billing practices," i.e., the actual non-reduced rate they have charged or could have realistically charged clients; (2) their skill, experience, and reputation in bankruptcy; and (3) prevailing market rates in the community. Between the prevailing weight and an attorney's customary rate, the local prevailing rate receives heavier weight. Once the lodestar, incorporating the reasonable rate and reasonable hours, has been determined, there is a strong presumption that the fee based upon the lodestar itself is reasonable.

*In re Taiwo*, 2021 WL 850533, at *4 (Bankr. D.D.C. Mar. 5, 2021) (citing *Makray v. Perez*, 159 F. Supp. 3d 25, 30 (D.D.C. 2016) (citing *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015); *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 61 (D.C. Cir. 2015)); 11 U.S.C. § 330(a)(3); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010); *Eley*, 793 F.3d at 100 (citing *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)); *Covington*, 57 F.3d at 1107-08; *Makray*, 159 F. Supp. 3d at 30 (quoting *West v. Potter*, 717 F.3d 1030, 1034 (D.C. Cir. 2013)), 37 (quoting *Perdue*, 559 U.S. at 551-52), 40-41 (quoting *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988); *Eley*, 793 F.3d at 105).

Undersigned counsel seeks to be compensated at a rate of $250 per hour for work in this case. This is the lowest rate undersigned counsel has charged—except for pro bono cases—in at least 12 years, if not longer. The rate is significantly lower than what is normally charged by VLF—and other law firms—in this Honorable Court, while also being markedly lower than what undersigned counsel charges clients in North Dakota (where a standard rate of $400/hour is used). It is respectfully submitted this rate is reasonable in nature; undersigned counsel has extensive experience handling Chapter 11 cases, has been in private practice for nearly 15 years, is a contributing editor of the American Bankruptcy Institute Journal, hosts an American Bar Association podcast on small business bankruptcies, has successfully reorganized businesses larger—and smaller—than the Debtors herein, has undertaken extensive creditor-side work in Chapter 11 cases, and is an active member of the bar of this Honorable Court. Other members of

5

the bar of this Honorable Court charge rates higher and lower than that of undersigned counsel, but it is urged that $250 per hour is in line with—or, as it is, below—the prevailing local norm.

Equally, it is urged that all time for which compensation is sought was billed judiciously and was necessary and reasonable to the management of this case. There are just less than 100 billable hours shown on Exhibit A (with an additional 9.4 non-billable hours), with those entries being spread across the myriad tasks discussed *passim*. No single time entry appears disproportionate to the work indicated therein and, during the brief period of time when Mr. Mowrer and undersigned counsel were both working on this case, overlapping time entries for the same work have been uniformly adjusted so that one of the two entries is shown but not charged.

### VII.   Conclusion

WHEREFORE, Maurice Belmont VerStandig and The VerStandig Law Firm, LLC d/b/a The Belmont Firm respectfully pray this Honorable Court (i) approve and ratify the fees sought herein, in the gross sum of $24,775.00; (ii) finally approve and ratify the expenses for which reimbursement is sought herein, in the gross sum of $545.38; (iii) allow The VerStandig Law Firm, LLC to apply the $4,000.00 being held in trust to payment of these fees and expenses; (iv) allow The VerStandig Law Firm, LLC a single administrative claim of $21,320.38; (v) permit the disbursing agent (the Subchapter V trustee) to pay such sums to The VerStandig Law Firm, LLC, as an allowed administrative expense, consistent with the provisions of the confirmed plan; and (vi) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

                                          Respectfully submitted,

Dated: August 25, 2024                     By: /s/ Maurice B. VerStandig
                                                Maurice B. VerStandig, Esq.
                                                Bar No. MD18071
                                                The VerStandig Law Firm, LLC
                                                9812 Falls Road, #114-160
                                                Potomac, Maryland 20854
                                                Phone: (301) 444-4600
                                                Facsimile: (301) 444-4600
                                                mac@mbvesq.com
                                                *Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of August, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

                                                /s/ Maurice B. VerStandig
                                                Maurice B. VerStandig