Maurice B. VerStandig, Esq.
Bar No.: MD18071
THE BELMONT FIRM
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
E-Mail: mac@dcbankruptcy.com
*Counsel for Muse Threads, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | Case No.: 22-238-ELG |
| MUSE THREADS, Inc., | Chapter 11 (Subchapter V) |
| Debtor. | |

**MOTION TO APPROVE COMPROMISE**

Comes now Muse Threads, Inc. (the "Debtor" or "Muse Threads"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019, and as and for its motion to approve a compromise of claims against 8fig, Inc. and Alien Finance LLC (collectively, the "Defendants") states as follows:

**I.    Introduction**

Following months of discussions, a mediation session with the Hon. B. McKay Mignault, and several rounds of post-mediation negotiations, Muse Threads is delighted to have reached a global settlement with the Defendants that, in turn, will bring to a close the pending adversary proceeding in this matter and resolve all outstanding issues between and amongst the parties. The settlement will infuse $50,000.00 into the Debtor, adding much-needed liquidity as Muse Threads continues to focus on reorganized operations, while also sparing protracted litigation that would

1

have invariably invited only attorneys' fees and uncertainty. It is an excellent settlement for Muse Threads and, as set forth *infra*, it is a compromise that merits judicial approval.

**II.     Agreement Terms**

In lieu of setting forth agreement terms in a separate, freestanding document, they are fully contained herein for ease of reference:

i. The Defendants will pay—or cause to be paid—the sum of $50,000.00, in the lawful currency of the United States, to Muse Threads, not later than ten (10) calendar days after entry of an order granting the instant motion;

ii. Within seven days of the foregoing payment being made, Muse Threads will file a notice of dismissal, with prejudice, in the pending matter of *Muse Threads v. 8fig, et al.*, Case No. 23-10037-ELG (Bankr. D.D.C. 2023) (the "Litigation");

iii. Muse Threads will not object to the claim of 8fig, Inc. in this bankruptcy case and the subject claim will be treated as fully allowed, in accord with the confirmed plan of reorganization;

iv. Saving and excepting the obligations set forth herein, and the obligations set forth in Muse Threads' confirmed plan of reorganization, Muse Threads shall be deemed to have released and waived all claims against the Defendants, for any obligations sounding in law or equity, whether known or unknown, accruing at any time from the beginning of time through the present, and the Defendants shall, too, be deemed to have released and waived all claims against Muse Threads, for any obligations sounding in law or equity, whether known or unknown, accruing at any time from the beginning of time through the present;

      v.      This Honorable Court shall retain jurisdiction to adjudicate any disputes related to the terms of this agreement;

      vi.      This agreement shall be construed in accord with the laws of the District of Columbia, except there shall not exist any presumption of interpretation based upon the identity of the party that caused this agreement to be drafted; and

      vii.      This agreement shall be null and void if the instant motion is not granted.

### III.  Standard

The Federal Rules of Bankruptcy Procedure specifically provide for the approval of compromises and settlements upon a motion and hearing:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

The United States District Court for the District of Columbia has previously set forth the criteria by which a motion under Federal Rule of Bankruptcy Procedure 9019 is to be evaluated:

> …a bankruptcy judge "need not hold a mini-trial or write an extensive opinion every time he approves or disapproves a settlement." While neither the Bankruptcy Code nor Bankruptcy Rule 9019 offers guidance as to the criteria a bankruptcy court applies in evaluating a proposed settlement, the parties generally agree that, following the principles of *TMT Trailer Ferry*, the bankruptcy court should consider: (1) probability of success in the litigation; (2) difficulties, if any, with collection; (3) the complexity of the litigation, including the expense, inconvenience and delay attendant to the litigation; and (4) the interest of creditors.

*Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521, 554 (D. D.C. 2008), aff'd sub nom. *Greater Se. Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1 (D.C. Cir. 2009) (quoting *In re Fishell*, 47 F.3d 1168 (6th Cir.1995); citing *Southern Med. Arts Companies, Inc.*, 343 B.R. 250, 256 (10th Cir. BAP 2006); *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007); *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968)).

## IV.  Argument: The Agreement Merits Approval

The Litigation concerned two different, albeit nominally related, theories of recovery: one concerning whether monies given to the Debtor, by 8fig, Inc., were conveyed through an avoidable transaction, and one concerning whether the Defendants violated the automatic stay set forth in Section 362 of Title 11 of the United States Code (the "Automatic Stay"). Though Muse Threads had confidence and conviction in both theories of recovery, the instant settlement represents an eminently-reasonable resolution of those claims, delivering funds to the Debtor—without delay—in a sum likely equal to, if not greater than, what would have been recovered through continued pursuit of an adversary proceeding.

Considering the first *Advantage Healthplan* element, likelihood of success on the merits is genuinely murky. Though Muse Threads believes it would have succeeded in showing a violation of the Automatic Stay, proving resulting damages would have been difficult—likely requiring competing expert reports from the parties, assessments of the permissive degree of speculative economic forecasts, and the satisfaction of myriad other rigors. Similarly, the avoidance action is an unorthodox effort to recharacterize a so-called "merchant cash advance" transaction and, as such, would have been susceptible to all the vulnerabilities of any new legal theory.

In consideration of the difficulties with collecting, it is genuinely not known whether such would have been a factor. Each of the Defendants is an entity located in a separate state, without any known assets in or around the District of Columbia. Finding bank accounts to garnish, and securing garnishment orders before funds could be moved, would have been a difficult—albeit likely not impossible—task. It is believed the two Defendants' solvency is not particularly a concern, but no extensive due diligence was carried out to ascertain the degree of each entity's liquidity.

The third consideration is complexity of any ensuing litigation. Violations of the Automatic Stay rarely yield simple lawsuits, especially where a debtor is not a natural person. More notably, however, litigation over whether a sale of future receivables may be recharacterized as a fraudulent conveyance would have proven enormously complex and likely demanded the application of significant resources through discovery and the motions process. These were not easy claims and while, equally, they were not amongst the most difficult to ever find their way to this Honorable Court's docket, the path ahead was both lengthy and rife with obstacles.

Finally, the agreement is clearly consistent with the best interests of creditors. Muse Threads is a reorganized debtor that is making plan payments while continuing to operate as a going concern; this settlement will bring much-needed monies into the entity to be spent on advertising toward a new customer base, to be spent on plan payments, and to be used as a cushion to weather the variances of seasonality in a consumer-facing business where spending habits fluctuate palpable throughout the year.

## V.    Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) approve the Agreement; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

                                                        Respectfully submitted,

Dated: October 16, 2024      By:    /s/ Maurice B. VerStandig
                                                 Maurice B. VerStandig, Esq.
                                                 Bar No. MD18071
                                                 The Belmont Firm
                                                 1050 Connecticut Avenue, NW, Suite 500
                                                 Washington, DC 20036
                                                 Phone: (202) 991-1101
                                                 mac@dcbankruptcy.com
                                                 *Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of October, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein including, *inter alia*, counsel for the United States Trustee. Additionally, a copy of the accompanying notice (but not of this motion) is being sent, via First Class Mail, postage prepaid, of even date herewith, to all parties on the attached mailing matrix.

                                                 /s/ Maurice B. VerStandig
                                                 Maurice B. VerStandig