# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

**In re:**

**Muse Threads Inc.,**

       **Debtor.**

**Case No. 22-00238-ELG**

**Chapter 11**

## U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

Matthew W. Cheney, Acting United States Trustee for Region 4, by counsel, moves this Court to convert this chapter 11 case to chapter 7 or in the alternative, to dismiss this chapter 11 case, whichever is in the best interests of the creditors and the estate. In support of this motion the following representations are made:

1.    The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2.    This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3.    On December 23, 2022, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. Doc. No. 1.

4.    On July 6, 2023, the Debtor filed a Second Amended Plan of Reorganization for Small Business Under Chapter 11. Doc. No. 76.

5.    On October 30, 2023, this Court entered an Order Confirming Second Amended Muse Threads, Inc. Plan of Reorganization for Small Business Under Chapter 11. Doc. No. 95.

6.    Pursuant to the Order, Jolene Wee serves as the post-confirmation subchapter V trustee and disbursing agent under the Plan.

Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

7. Pursuant to the Plan, the Debtor projected to make the following distributions to creditors:

$2,000.00 a month from October 2023 to January 2025
$3,500.00 a month from February 2025 to July 2025
$5,000.00 a month from August 2025 to January 2026
$7,500.00 a month from February 2026 to April 2026
$10,000.00 a month from May 2026 to October 2026
$12,500.00 a month from November 2026 to March 2028

8. On October 16, 2024, the Debtor filed a Motion to Approve Compromise of its claims against 8fig, Inc. and Alien Finance LLC (collectively, the "Defendants"), which among other things, would require the Defendants to pay Muse Threads $50,000 within 10 days after entry of an order. Doc. No. 119.

9. On December 5, 2024, this Court entered an Order Granting Motion to Approve Compromise ("Order"). Doc. No. 123.

10. On December 20, 2024, the Debtor received the $50,000 payment pursuant to the Order.

11. On December 23, 2024, the Debtor announced that it would be closing its doors as of December 27, 2024.

12. Upon information and belief, the Debtor has not made the plan payment for December 2024.

13. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

14. At the time of filing this Motion, the Debtor is in default under the terms of the confirmed Plan and will be unable to effectuate substantial consummation of the confirmed Plan.

**Argument**

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1).

Under 11 U.S.C. § 1112(b)(4)(M) and (N) cause exists where the debtor has the "inability to effectuate substantial consummation of a confirm plan" and is in "material default by the debtor with respect to a confirmed plan". In this case, the Debtor closed its doors on December 27, 2024. The Debtor will be unable to effectuate the Plan as a result of the closure and will be unable to fulfill its obligations outlined in the Plan, including payments to creditors as outlined above. Furthermore, there is no indication of where the $50,000 payment is, or what the Debtor did with it. Failure to effectuate the Plan is cause to convert or dismiss this case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)— (i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not

in the best interest of creditors and the estate. Given that it is not clear what happened to the $50,000 that was received by the Debtor pursuant to the approved settlement, the U.S. Trustee submits that conversion of the case to chapter 7 is appropriate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismiss this case.

January 15, 2025                    MATTHEW W. CHENEY
                                    ACTING U.S. TRUSTEE, REGION 4


                                    By: /s/ Kristen S. Eustis
                                    Kristen S. Eustis, Trial Attorney
                                    Federal Bar No. MD28984
                                    Office of the United States Trustee
                                    1725 Duke St., Suite 650
                                    Alexandria, VA 22314
                                    (703) 557-7227- Direct Dial
                                    Kristen.S.Eustis@usdoj.gov

4

**Certificate of Service**

  I hereby certify that on January 15, 2025, I electronically filed the foregoing Motion to Convert or Dismiss with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

John Tucker Farnum jfarnum@milesstockbridge.com, jfarnumecfnotices@gmail.com

Michael T. Freeman michael.t.freeman@usdoj.gov, robert.w.ours@usdoj.gov

Christopher A. Glaser cglaser@jackscamp.com, iluaces@jackscamp.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Jolene E Wee jwee@jw-infinity.com, cjew11@trustesolutions.net

Mitchell B. Weitzman mweitzman@jackscamp.com, statum@jackscamp.com

Jeremy S. Williams jeremy.williams@kutakrock.com, lynda.wood@kutakrock.com; amanda.roberts@kutakrock.com

  I further certify that on January 15, 2025, a copy of the foregoing Motion was served by first class mail, postage prepaid to the Debtor and Debtor's List of Creditors who have the 20 Largest Unsecured Claims, as listed below.

| | |
|---|---|
| Muse Threads Inc.<br>452 Oakwood Street SE<br>Washington, DC 20032 | 4Imprint, Inc.<br>101 Commerce Street<br>PO Box 320<br>Oshkosh, WI 54901 |
| 80 M Street SE Tenant LLC<br>80 M Street SE<br>Washington, DC 20003 | American Express<br>PO Box 1270<br>Newark, NJ 07101 |
| Courtney Kohlhepp<br>6932 Westland Drive<br>Knoxville, TN 37919 | D.C. Office of Tax and Revenue<br>1101 4th Street SE<br>Suite 270 West<br>Washington, DC 20024 |
| Georgia Department of Revenue<br>1800 Century Boulevard NE<br>Atlanta, GA 30345 | Illinois Department of Revenue<br>101 West Jefferson Street<br>Springfield, IL 62702 |

| | |
|---|---|
| JPMorgan Chase Bank, N.A.<br>PO Box 1423<br>Charlotte, NC 28201 | Meta Platforms, Inc.<br>1601 Willow Road<br>Menlo Park, CA 94025 |
| Michigan Department of Treasury<br>PO Box 30324<br>Lansing, MI 48909 | North Carolina Department of Revenue<br>PO Box 25000<br>Raleigh, NC 27640 |
| Ohio Department of Taxation<br>Attn: Compliance Business Tax Division<br>PO Box 2678<br>Columbus, OH 43216 | Qingdao KD Garden<br>Import & Export Co. Ltd.<br>Room 1905, Tower 2<br>Excellence Century Center, No. 31<br>Longcheng Road<br>Qingdao, 266034  China |
| Sally Diesel<br>404 Wealdstone Road<br>Cranberry Township, PA 16066 | Sarah Gray<br>306 Sugarwood Drive<br>Venetia, PA 15367 |
| Virginia Department of Taxation<br>PO Box 1115<br>Richmond, VA 23218 | Vox Funding, LLC<br>14 E. 44th Street, 4th Floor<br>New York, NY 10017 |
| Wisconsin Department of Revenue<br>2135 Rimrock Road<br>Madison, WI 53713 | |

*/s/ Robert W. Ours*
Robert W. Ours
Paralegal Specialist